**Nicholas J. Henderson, OSB#074027**
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>AMG FACTORY, LLC,<br><br>              Debtor. | Case No. 13-33940-elp11<br><br>FIRST AMENDED APPLICATION FOR EMPLOYMENT OF BROKER FOR DEBTOR IN POSSESSION |

      Pursuant to 11 USC §327 of the U.S. Bankruptcy Code ("the Code"), AMG Factory, LLC, as debtor in possession (hereafter "Applicant"), hereby applies to the Court for an order approving the employment of Robert Niehaus and his firm Niehaus Properties, Inc. as its property broker. In support of this application, Applicant represents as follows:

      1)     Applicant filed its petition for relief under chapter 11 of the Code on July 13, 2012. Applicant is presently serving as debtor-in-possession.

      2)     Applicant wishes to market and sell its property to repay its creditors to the fullest extent possible.

      3)     Applicant wishes to employ the brokerage firm of Niehaus Properties, Inc., 4380 SW Macadam Ave., Suite 190, Portland, Oregon 97239 and particular Robert Niehaus as broker.

Page 1 – FIRST AMENDED APPLICATION FOR EMPLOYMENT
OF BROKER FOR DEBTOR IN POSSESSION

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

4) Applicant desires that Niehaus Properties, Inc. assist it for all purposes in the sale of the property located at 7144 NW Progress Ct., Hillsboro, OR 97124.

5) The listing agreement between Debtor-in-Possession and Niehaus Properties, Inc. is attached hereto and marked as Exhibit A. The listing agreement has been modified by the Addendum to Listing Agreement, which is now attached and incorporated into Exhibit A.

6) The proposed rate of compensation, subject to final Court approval, is the customary rate in effect when the services are performed which is a commission of 5% of the sale price for the Listing Agreement at Exhibit A.

7) To the best of Applicant's knowledge, the partners and associates of Niehaus Properties, Inc. do not have any connection with Applicant's creditors, any other party in interest, or their respective attorneys or accountants except as stated in the Rule 2014 Verified Statement of Proposed Professional, which is attached hereto and marked as Exhibit B.

8) A proposed form of order approving the employment of Niehaus Properties, Inc. is attached hereto as Exhibit C.

Dated: July 29, 2013                /s/ Nicholas J. Henderson
                                    Nicholas J. Henderson, OSB #074027
                                    Of Attorneys for Debtor

Page 2 – FIRST AMENDED APPLICATION FOR EMPLOYMENT
OF BROKER FOR DEBTOR IN POSSESSION

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

# EXHIBIT A



# NIEHAUS PROPERTIES INCORPORATED

## EXCLUSIVE SALES LISTING AGREEMENT
## NIEHAUS PROPERTIES, INC.

1. In consideration of the listing for sale of the real property hereinafter described (the "Property") by Niehaus Properties Inc. ("Broker"), and Broker's agreement to use its best efforts to effect a sale of same, the undersigned ("Owner") hereby grants to Broker the exclusive right to sell the Property for period commencing <u>July 1, 2013</u> and ending midnight <u>December 31, 2013</u> (the "Term"), at a price of: <u>TWO MILLION THREE HUNDRED THOUSAND DOLLARS</u> ($2,300,000.) <u>Upon terms and conditions acceptable to Owner.</u>

    The Property is situated in the City of <u>Hillsboro</u>, County of <u>Washington</u>, State of <u>Oregon</u>, and is further described as:
    Apparel Manufacturing Group property, 7144 NW Progress Court, Hillsboro, OR 97124. An approximate 22,000 SF Building on a 2.35 acre Lot. Legal Description to follow upon delivery of preliminary title report.

    References herein to the Property shall be understood to include portions of the Property.

2. Owner agrees to pay Broker a sales commission in the amount of 5% (Five Percent) of the amount of the sale terms should a procuring broker be a part of the sale transaction. Should there not be a procuring broker, the sales commission shall be 4% (Four Percent) of the amount of the sale terms. This commission shall be earned for services rendered if, during the Term: (a) the Property is sold to a Buyer/Tenant procured by Broker, Owner or anyone else; (b) any contract for the sale of the Property is entered into by Owner. Broker is authorized to co-operate with and to share its commission with other licensed real estate brokers, regardless of whether said brokers represent prospective Buyer's or act as Broker's subagents.

3. Commissions shall be payable hereunder upon closing of Escrow.

4. Owner and Broker agree that the Property will be offered in compliance with all applicable anti-discrimination laws.

5. Owner agrees to cooperate with Broker in bringing about a sale of the Property and to refer immediately to Broker all inquiries of anyone interested in the Property. All negotiations are to be through Broker. Broker is authorized to accept a deposit from any prospective Buyer and to handle it in accordance with the instructions of the parties unless contrary to applicable law. Broker is exclusively authorized with prior written consent from Owner, to advertise the Property and, exclusively, to place a sign(s) on the Property if, in Broker's opinion, such would facilitate the sale of the Property. Owner and its counsel will be responsible for determining the legal sufficiency of a sale / lease and other documents relating to any transaction contemplated by this Agreement.

Niehaus Properties, Inc.
4380 SW Macadam Ave., Suite 190
Portland, Oregon 97239

www.niehausproperties.com
Direct: 503 295 3792
Facsimile: 503 295 3769



# NIEHAUS PROPERTIES INCORPORATED

6. Owner agrees to disclose to broker and to prospective Buyer's any and all information which Owner has regarding present and future zoning and environmental matters affecting the Property and regarding the condition of the Property, including, but not limited to structural, mechanical and soils conditions, the presence and location of asbestos, PCB transformers, other toxic, hazardous or contaminated substances, and underground storage tanks, in, on, or about the Property. Broker is authorized to disclose any such information to prospective buyers.

7. Owner represents that it is the Owner of the Property and that, except as may be set forth in an addendum attached hereto, no person or entity who has an ownership interest in the Property is a foreign person as defined in the Foreign Investment in Real Property Tax Act (commonly known as "FIRPTA").

8. In the event of any dispute between Owner and Broker relating to this Agreement, Owner and Broker agree that such dispute shall be resolved by means of binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction. Depositions may be taken and other discovery obtained during such arbitration proceedings to the same extent as authorized in civil judicial proceedings in the state where the office of Broker executing this Agreement is located. The arbitrator(s) shall be limited to awarding compensatory damages and shall have no authority to award punitive, exemplary or similar type damages. The prevailing party in the arbitration proceeding shall be entitled to recover its expenses, including the costs of the arbitration proceeding, and reasonable attorney's fees.

9. Each signator to this Agreement represents and warrants that he or she has full authority to sign this Agreement on behalf of the party for whom he or she signs and that this Agreement binds such party.

10. This Agreement constitutes the entire agreement between Owner and Broker and supersedes all prior discussions, negotiations and agreements, whether oral or written. No amendment, alteration, cancellation or withdrawal of this Agreement shall be valid or binding unless made in writing and signed by both Owner and Broker. This Agreement shall be binding upon, and shall benefit, the heirs, successors and assignees of the parties. In the event any clause, provision, paragraph or term of this Agreement shall be deemed to be unenforceable or void based on any controlling state or federal law, the remaining provisions hereof, and each part, shall remain unaffected and shall continue in full force and effect.

11. The parties hereto agree to comply with all applicable federal, state and local laws, regulations, codes, ordinances and administrative orders having jurisdiction over the parties, property or the subject matter of this Agreement, including, but not limited to, the 1964 Civil Rights Act and all amendments thereto, the Foreign Investment in Real Property Tax Act, the Comprehensive Environmental Response Compensation and Liability Act, and the Americans With Disabilities Act.

Niehaus Properties, Inc.
4380 SW Macadam Ave., Suite 190
Portland, Oregon 97239

www.niehausproperties.com
Direct: 503 295 3792
Facsimile: 503 295 3769

# NIEHAUS PROPERTIES INCORPORATED

The undersigned Owner hereby acknowledges receipt of a copy of this Agreement and the Schedule.

Accepted:

Robert Niehaus
Licensed Real Estate Principal Broker

By: _/s/ Robert Niehaus_

Title: _President_

Address: _4380 SW Macadam Ave Ste 190_

_Portland, Oregon 97239_

Date: _7-16-13_

Telephone: _503-295-3791_

Accepted:

AMG Factory, LLC
Owner

By: _____

Title: _____

Address: _7144 NW Progress Ct._

_Hillsboro, OR 97124_

Date: _____

Telephone: _503-595-2807_

**CONSULT YOUR ADVISORS** – This document has legal consequences. No representation or recommendation is made by Broker as to the legal or tax consequences of this Agreement or the transaction(s) which it contemplates. These are questions for your attorney and financial advisors.

Niehaus Properties, Inc.
4380 SW Macadam Ave., Suite 190
Portland, Oregon 97239

www.niehausproperties.com
Direct: 503 295 3792
Facsimile: 503 295 3769

Exhibit A - Page 3 of 3

# ADDENDUM TO LISTING AGREEMENT

This Addendum is made to that Listing Agreement between the Debtor-in-Possession, AMG Factory LLC ("Debtor") and Robert Niehaus and his firm Niehaus Properties ("Broker"). The remaining terms of the Listing Agreement remain in full force and effect provided they do not conflict with the terms below, and this Addendum applies to any modifications, renewals or extensions of this Listing Agreement.

1. The Seller is AMG Factory LLC, Debtor-in-Possession for the Bankruptcy Estate of AMG Factory, LLC, Case No. 13-33940-elp11.

2. Broker understands and acknowledges that all offers will be subject to Debtor providing adequate notice of a sale in the United States Bankruptcy Court, District of Oregon, Case No. 13-33940-elp11, pursuant to the bankruptcy code and receiving no timely objections, or (b) obtaining a court order approving a Sale. No commission shall be due until (2)(a) or (b) are satisfied, in addition to all other terms of the Listing Agreement and this Addendum.

3. Broker understands and acknowledges that all offers are subject to overbid by third parties and that any commissions which may be due under any sale transaction is subject to Bankruptcy Court approval.

4. Title shall be conveyed by Bargain and Sale Deed, with no representations or warranties, expressed or implied as to the condition of title or property improvements.

5. Any and all purchasers of the Property ("Purchaser") will accept the land, buildings, improvements and all other aspects of the Property in their present conditions AS IS, including latent defects, the environmental conditions present on the premises, or any other matter affecting or relating to the physical condition of the Property, without any representations or warranties, express or implied, unless they are set forth expressly herein. Purchaser will expressly waive any and all claims growing or arising out of any representations or warranties with regard to the Property.

6. The United States Bankruptcy Court shall have sole jurisdiction for any and all dispute resolutions pertaining to this transaction, and any reference to mediation or arbitration are hereby void.

DATE: July 29. 2013


/s/ Robert Niehaus                         /s/ Devin Wright
Robert Niehaus                             Devin Wright
Broker                                     Member, AMG Factory LLC

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    )
**AMG FACTORY, LLC**                     )   Case No.  **13-33940-elp11**
                                         )
                                         )   RULE 2014 VERIFIED STATEMENT
Debtor(s)                                )   FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:  *NONE*

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:  *NONE*

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case: *NONE*

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:
Devin Wright: 33% member
Joe Wright: 33% member
Gary Hilde: 33% member
Apparel Manufacturing Group, Ltd.: Oregon corporation owned by Debtor's principals.

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing): *NONE*
N/A

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:
N/A

1114 (11/30/09)    Page 2 of 3

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

1) Devin Wright, 2) Joe Wright, 3) Gary Hilde, and 4) Apparel Manufacturing Group, Ltd. ("Apparel"): On March 6, 2008, all four guarantors personally guaranteed Debtor's debt to Key Bank Gov't Finance Inc. ("Key"); principal amount guaranteed as of April 15, 2013: $2,190,497.35. To secure its guarantee, Apparel granted Key a security interest in its furniture, fixtures related to the Debtor's real property, machinery, and equipment.

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

n/a

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

N/A

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

N/A

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant
*Robert Niehus*
President
Niehaus Properties, Inc.

1114 (11/30/09)    Page 3 of 3

Exhibit B - Page 3 of 3

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>AMG FACTORY, LLC,<br><br>           Debtor. | Case No. 13-33940-elp11<br><br>ORDER AUTHORIZING EMPLOYMENT OF NIEHAUS PROPERTIES, INC. AS BROKER |

THIS MATTER having come before the Court on the First Amended Application for Employment of Broker for Debtor in Possession [Docket #34] filed by Debtor in Possession AMG Factory, LLC (the "Debtor"). Based on the Application and attached documents, and on the entire record of this case, it is

ORDERED that:

1. Pursuant to sections 327(a) and 1107 of the Bankruptcy Code, the Debtor's employment of Niehaus Properties, Inc. ("NPI") as its broker in this Chpater 11 case is authorized.

EXHIBIT C - Page 1 of 2

2. NPI's compensation and reimbursement of expenses shall be awarded in accordance with sections 330 and 331 of the Bankruptcy Code.

3. This Order shall be effective as of the petition date

# # #

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

       EXHIBIT      
Nicholas J. Henderson, OSB #074027
Telephone: 503-417-0500
E-mail: nhenderson@portlaw.com
Of Attorneys for Debtor

Parties to Serve:

ECF Electronic Service:
- NICHOLAS J HENDERSON    nhenderson@portlaw.com, csturgeon@portlaw.com; tsexton@portlaw.com;atrauman@portlaw.com;
- CRAIG G RUSSILLO    crussillo@schwabe.com; dkinonen@schwabe.com; docket@schwabe.com; ecfpdx@schwabe.com; bankruptcynotices@schwabe.com;
- PEENESH SHAH    pshah@schwabe.com; dgibson@schwabe.com; docket@schwabe.com; ecfpdx@schwabe.com;
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

Service via First-Class Mail:

Washington County Assessment & Taxation
155 N. First Avenue, Suite 130
Hillsboro, OR 97124

EXHIBIT C - Page 2 of 2